Filed 1/25/23  P. v. Wilson CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092385 |
| Plaintiff and Respondent, | (Super. Ct. No. 04F06813) |
| v. | OPINION ON TRANSFER |
| JAMAUR WILSON, | |
| Defendant and Appellant. | |

A jury found defendant Jamaur Wilson guilty of several offenses, including the first degree murder of Alvin Earl Richardson during the course of a robbery.  The trial court sentenced him to life without the possibility of parole on the murder and robbery-murder special circumstance, and we affirmed his conviction on appeal.  (*People v. Gordon et al.* (July 27, 2010, C056183) [nonpub. opn.] (*Gordon*).)  After serving over a

1

decade in prison, defendant petitioned the trial court under Penal Code[1] section 1172.6[2] for resentencing based on changes to the felony-murder rule and the natural and probable consequences doctrine under Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019).

The trial court denied his petition, finding the record established defendant was ineligible for resentencing given the jury's true finding on the robbery-murder special circumstance. The trial court reasoned that in finding the special circumstance true, the jury necessarily found defendant was either the actual killer, aided and abetted the actual killer with the intent to kill, or was a major participant who acted with reckless indifference to human life during the crimes.

In an unpublished opinion, we affirmed the trial court's order denying defendant's resentencing petition, holding that the jury's true special-circumstance finding, which had not been set aside through habeas corpus proceedings, precluded relief under section 1172.6 as a matter of law. (*People v. Wilson* (Dec. 6, 2021, C092385 ) [nonpub. opn.].)

The California Supreme Court subsequently granted review and transferred the matter back to us with directions to vacate our opinion and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698. By separate order, we vacated our decision.

In supplemental briefing after transfer, the parties agree that under *Strong* the jury's true finding on the robbery-murder special circumstance, which was made before our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 clarified what it means to be a major participant who acts

---

[1]    Further undesignated statutory references are to the Penal Code.

[2]    Effective June 30, 2022, former section 1170.95 was recodified without substantive change to section 1172.6. (Stats 2022, ch. 58, § 10.) Defendant filed his petition under former section 1170.95, but we will refer to the current section 1172.6 throughout this opinion.

with reckless indifference to human life, does not render defendant ineligible for relief as a matter of law. Having reconsidered the matter, we agree and will reverse and remand for further proceedings under section 1172.6.

FACTUAL AND PROCEDURAL BACKGROUND

We take the facts from the unpublished opinion we issued in 2010 affirming defendant's convictions in *Gordon*.[3] (*Gordon*, *supra*, C056183.) According to our opinion, defendant and his two codefendants, Justin Wayne Robson and Ira Gordon, were in the parking lot of a liquor store when the murder victim drove up with his girlfriend. The victim and his girlfriend went into the store. As they returned, Gordon entered the car, sat in the rear passenger seat, and asked the victim if he would give them a ride. Robson then got into the rear seat behind the victim. Defendant stood next to the driver's window of the car. The victim declined Gordon's ride request. All three defendants began striking the victim. Robson pistol-whipped the victim multiple times and then got out of the car, joining defendant next to the driver's window. Gordon, who remained in the car, told the victim to give him all his money and everything he had in his pockets. The girlfriend ran into the store to call for help. As she returned, the victim appeared to be trying to get his wallet out of his pocket. She then observed flashes and heard gunshots with each flash. Robson was outside the car, holding a gun pointed at the ground. Gordon, who remained in the car seated behind the victim, had pulled out a semiautomatic handgun.

The three defendants fled to an apartment complex where they all lived and where they split some marijuana, money, and pills. A revolver and a .380-caliber semiautomatic handgun were recovered from Robson's apartment. The bullets recovered

---

**3** We provide this summary of facts from the prior opinion in defendant's direct appeal solely for context and do not rely on these facts for our analysis or disposition here. (§ 1172.6, subd. (d)(3).)

3

from the victim's body were fired from the semiautomatic handgun. All three gunshot wounds were consistent with the victim sitting in the driver's seat of the vehicle and being shot from the back seat on the right passenger side.

Defendant, Gordon, and Robson were each charged with murder, with an attached robbery-murder special circumstance, and with robbery. Defendant was also charged with being a felon in possession of a firearm. For the murder and robbery counts, it was alleged that defendant personally used a firearm.

In June 2006, a jury found defendant guilty of all charges and found the robbery-murder special circumstance and firearm enhancement allegation true. As relevant here, he was sentenced to life without the possibility of parole for the special-circumstance murder. After striking a parole revocation fine, this court affirmed defendant's convictions and sentence on direct appeal. (*Gordon*, *supra*, C056183.)

In February 2019, defendant filed a section 1172.6 petition for resentencing, seeking to vacate his murder conviction on the ground that he could no longer be convicted of first degree murder because of changes made to sections 188 and 189 by Senate Bill No. 1437. Defendant requested the appointment of counsel.

The trial court appointed the public defender to represent defendant on the petition. The People opposed the petition, arguing, among other things, that defendant had failed to make a prima facie showing that he was eligible for relief because he was convicted of a robbery-murder special circumstance. Defendant replied that he had stated a prima facie case for relief based on the record of conviction, and that the robbery-murder special circumstance did not preclude him from relief as a matter of law. Defendant requested that the trial court judicially notice this court's prior unpublished opinion in *Gordon*, various jury instructions that were given and not given at his trial, and the complaint, verdicts, and abstract of judgment from his case.

Defendant's reply also referenced a habeas corpus petition that he had contemporaneously filed with his section 1172.6 petition, which claimed there was no

4

evidence that he had committed any crime and argued that he was entitled to a sentence reduction under Senate Bill No. 1437 in light of *Banks* and *Clark*, which were decided after defendant was tried. Defendant subsequently filed a supplemental brief supporting his petition.

Without a hearing, the trial court denied defendant's habeas corpus petition as well as his resentencing petition in a written ruling issued in May 2020. In denying the petition for habeas corpus, the trial court found, based on the evidence recounted in our unpublished opinion in *Gordon*, that the trial evidence against defendant was sufficient to support the jury's finding that he was a major participant who acted with reckless indifference to human life under *Banks* and *Clark*. The trial court then found that the jury's true finding on the robbery-murder special circumstance precluded him from relief as a matter of law under section 1172.6. Defendant appealed.

DISCUSSION

Defendant originally argued the trial court prejudicially erred in summarily denying his petition after finding the jury's pre-*Banks*/*Clark* special-circumstance finding conclusively established his ineligibility for resentencing because the jury necessarily concluded that he was either the actual killer, aided and abetted with the intent to kill, or was a major participant who acted with reckless indifference to human life. In supplemental briefing, the parties now agree, as do we, that the trial court erred in denying defendant's petition.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) amended the felony-murder rule and the natural and probable consequences doctrine, as it relates to murder, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice (§ 188, as amended by Stats. 2018, ch. 1015, § 2), and by

5

amending section 189 to state that a person can be liable for felony murder only if: (1) the "person was the actual killer"; (2) the person, with an intent to kill, was an aider or abettor in the commission of murder in the first degree; or (3) the "person was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)

As pertinent here, Senate Bill No. 1437 also added what is now section 1172.6, which permits a person convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the murder conviction and resentence the person on any remaining counts if, among other things, the petitioner could not be convicted of first or second degree murder due to the change in the law. (§ 1172.6, subd. (a).) Upon submission of a facially sufficient petition that requests counsel, the court shall appoint counsel and provide the parties an opportunity to submit briefs. (§ 1172.6, subds. (b)(3) & (c).) Following briefing, the court must hold a hearing to determine whether the petitioner has made a prima facie case for relief. (§ 1172.6, subd. (c).) If a sufficient prima facie showing is made, the court must issue an order to show cause. (§ 1172.6, subds. (c), (d).)

The prima facie inquiry under section 1172.6, subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court " ' "takes [the] petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid.*) Although the court may rely on the record of conviction (including a prior appellate court opinion) in determining whether the petitioner has made a prima facie showing, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972.)

Since defendant's convictions, our Supreme Court has refined the analysis for who qualifies as a major participant acting with reckless indifference to human life in *Banks* and *Clark*. (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1179, abrogated on other

6

grounds in *People v. Lewis*, *supra*, 11 Cal.5th at p. 963.)  After we rejected defendant's claims in our previous opinion, our Supreme Court decided *Strong*, which concluded: "Findings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill [No.] 1437.  This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*People v. Strong*, *supra*, 13 Cal.5th at p. 710.)  Here, the trial court concluded that the jury's pre-*Banks*/*Clark* findings, which defendant had never set aside through habeas corpus proceedings, precluded defendant from making a prima facie showing. The trial court's conclusion does not survive *Strong*.

Defendant's resentencing petition was facially sufficient and alleged the essential facts necessary for relief under section 1172.6 if proven.  (§ 1172.6, subds. (a)-(c); *People v. Lewis*, *supra*, 11 Cal.5th at pp. 970-972.)  Nothing in the record demonstrates defendant is ineligible for relief as a matter of law, so we must reverse and remand the matter for the trial court to issue an order to show cause, and, to the extent necessary, conduct an evidentiary hearing.  (§ 1172.6, subd. (d).)  We express no opinion on the ultimate resolution of the petition.

DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is reversed. The case is remanded to the trial court for issuance of an order to show cause, and, to the extent necessary, to hold an evidentiary hearing on the petition.

/s/
Robie, P. J.

We concur:

/s/
Renner, J.

/s/
Hoch, J.*

---

*       Retired Associate Justice of the Court of Appeal, Third Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8